**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEN LOPEZ, | No. 11-15017 |
| Plaintiff - Appellee, | D.C. No. 3:08-cv-05396-SI |
| v. | |
| UNITED PARCEL SERVICE, INC., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted July 24, 2012[**]
San Francisco, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

United Parcel Service, Inc. (UPS) appeals the district court's denial of its

request for attorney's fees. We affirm. Because the parties are familiar with the

factual history of this case, we need not recount it here.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

UPS seeks attorney's fees for its successful defense of Ben Lopez's claim, pursuant to California Labor Code § 226.7, for compensation related to overtime and meal and rest periods. California Labor Code § 218.5(a) creates a fee-shifting regime in "any action brought for the nonpayment of wages" but, by its terms, "does not apply to any action for which attorney's fees are recoverable under [Cal. Labor Code §] 1194." California Labor Code § 1194(a) states that only a prevailing employee may recover fees in an action for nonpayment of overtime compensation. In *Kirby v. Immoos Fire Protection, Inc.*, the California Supreme Court held that "neither section 1194 nor section 218.5 authorizes an award of attorney's fees to a party that prevails on a section 226.7 claim." 274 P.3d 1160, 1162 (Cal. 2012). We therefore affirm the district court's decision with respect to fees associated with UPS's defense of Lopez's § 226.7 claim.[1]

UPS also claims the district court abused its discretion by refusing to award attorney's fees associated with its assertion of the Motor Carrier Act (MCA) defense against Lopez's other claims. Because the MCA was invoked as a defense in an action implicating a unilateral fee-shifting provision, attorney's fees are warranted only where the issues are separable. *See Turner v. Ass'n of Am. Medical Colleges*, 193 Cal. App. 4th 1047, 1073 (2011) (defendant is not foreclosed from

---

[1] Both of UPS's motions for judicial notice are denied as moot.

seeking an attorney's fee award "for hours that it can show were not intertwined with defense of a cause of action with a unilateral fee-shifting provision"). Whether Lopez was entitled to "straight-time" wages under the MCA for overtime hours worked requires a threshold determination of whether Lopez in fact worked overtime hours. The district court therefore did not abuse its discretion in failing to apportion fees.

**AFFIRMED.**